IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | CIVIL ACTION NO. 1:08-cv-00703 |
| Plaintiff, | ) ) | COMPLAINT |
| v. | ) ) | |
| BURGER KING CORPORATION d/b/a BURGER KING | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Kathleen Joyner who was adversely affected by such practices. As more fully described below, Plaintiff alleges that Kathleen Joyner was sexually harassed and subjected to a hostile work environment while working for Defendant, because of her sex, female.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Burger King Corporation d/b/a Burger King ("Defendant"), has continuously been a Florida corporation, doing business in the State of North Carolina and the City of Clemmons, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Kathleen Joyner filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     From around December 2006 until around March 2007, Defendant engaged in unlawful employment practices at Defendant's Restaurant No. 4002, located in Clemmons, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1).  Specifically, Defendant subjected Kathleen Joyner to sexual harassment that created a sexually hostile work environment based on her sex, female.  The sexual harassment was severe or pervasive and was perpetrated by the Restaurant General Manager who had direct supervisory authority over Joyner.  The sexual harassment included, but was not limited to, unwelcome touching, sexual advances, and explicit sexual propositions.  Joyner complained about the sexual harassment on multiple occasions to her Assistant Managers, however, Defendant failed to act reasonably to stop the harassment.

8.     The effect of the practices complained of in paragraph 7 has been to deprive Kathleen Joyner of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

9.     The unlawful employment practices complained of in paragraph 7 were intentional.

10.    The unlawful employment practices complained of in paragraph 7 were done with malice or with reckless indifference to the federally protected rights of Kathleen Joyner.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment and from any other employment practice which discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Kathleen Joyner by providing compensation for past and future pecuniary losses resulting from unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

D. Order Defendant to make whole Kathleen Joyner by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7, including emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

E. Order Defendant to pay Kathleen Joyner punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

This the 30th day of September, 2008.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

s/ Lynette A. Barnes
LYNETTE A. BARNES (NC Bar # 19732)
Regional Attorney

TINA M. BURNSIDE
Supervisory Trial Attorney

s/ Darryl L. Edwards
DARRYL L. EDWARDS (PA Bar # 205906)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
(704) 344-6875 (Direct Dial)
(704) 344-6870 (Facsimile)
darryl.edwards@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

5